Jerome J. VENKER, Plaintiff-Appellant,

v.

Charles G. HYLER, The News-Sun Printing & Publishing Company, a corporation, and Raymond R. Roberts, Defendants-Respondents.

No. 30814.

St. Louis Court of Appeals.

Missouri.

June 12, 1962.

---

Donald E. Gillihan, Farmington, for appellant.

Roberts & Roberts, Raymond R. Roberts, Raymond S. Roberts, Farmington, Robert A. McIlrath, Flat River, for respondents.

BRADY, Commissioner.

The appellant, hereinafter referred to as the plaintiff, filed suit for libel against the respondents, hereinafter referred to as the defendants. The plaintiff is a licensed pharmacist and the owner and operator of the Venker Rexall Pharmacy located at 200 Lincoln Street, Desloge, Missouri. The defendants Hyler and Roberts are respectively the assistant prosecuting attorney and the prosecuting attorney of St. Francois County. The defendant, The News-Sun Printing and Publishing Company, is a Missouri corporation which publishes a weekly newspaper known as The Lead Belt News. The trial court dismissed plaintiff's petition with prejudice upon defendants' motions. Plaintiff appeals.

On October 24, 1960, The Daily St. Francois County Journal, Inc. published a story in the newspaper owned and published by it which recited that through the combined efforts of the law enforcement officers of St. Francois County, the State Highway Patrol, and the police of the City of Farmington, the plaintiff, Venker, had been arrested and released on bond in a mis-demeanor case for illegal sales of "strong drugs." The article also contained certain statements attributed to the defendant Roberts as to the manner in which the facts became known, and that plaintiff had readily admitted the illegal sales when questioned. On October 29, 1960, after that story appeared, plaintiff filed an action for libel praying for actual damages in the amount of $250,000, and punitive damages in the same amount. Defendants in that action were the individual defendants Hyler and Roberts, and The Daily St. Francois County Journal, Inc. On October 31, 1960, this plaintiff filed an action for libel against the individual defendants, and The News-Sun Printing and Publishing Company in which it was alleged that on October 27th, what was essentially the same story as had previously appeared, had been published by the defendant corporation in its newspaper known as The Lead Belt News. In this action plaintiff prayed for actual damages in the amount of $1,000, and punitive damages in the amount of $10,000. The other pertinent facts are completely given in Venker v. Hyler, Mo.Sup., 352 S.W.2d 590, but perhaps should be briefly summarized here.

Defendants served notice to take depositions. This notice did not advise plaintiff of the witnesses to be examined, as required by Supreme Court Rule 57.08, V.A.M.R. The notary public before whom the depositions were to be taken issued a subpoena ad testificandum directed to plaintiff's counsel, and also issued a subpoena ad testificandum and duces tecum to produce certain evidence. On the same day that these subpoenas were served, plaintiff filed a document entitled "Motion For Protective Order." That motion recited the fact of plaintiff's arrest and his charge with certain criminal acts (see Sections 195.220–195.270 RSMo 1959, V.A.M.S.) and averred that the Constitutions of the United States and of Missouri assured him of the right of a speedy trial; that his attorney's full time was needed to assure him of that right; that denial of his attorney's full time would constitute "an oppression for which

protectives orders may be granted"; and that his attorney believed that the criminal action could be disposed of within about a month and thereafter his attorney would be available for proceedings in connection with the libel action. This motion prayed that the defendants be prevented from taking depositions for approximately thirty days. On the date on which depositions were to be taken, counsel for plaintiff appeared and advised the notary public and counsel for the defendants that plaintiff refused to appear upon his advice on the grounds that the notary had no power to issue a subpoena duces tecum absent an order of the circuit court in which the libel action was pending and that plaintiff was willing to come before the notary on proper notice and produce any evidence which the trial court in its discretion saw fit for plaintiff to produce. He suggested a referral of the matter to the circuit judge and stated that upon a hearing of the matter the plaintiff would abide by the ruling of the circuit judge. It further appeared that at this time counsel for defendants advised plaintiff's counsel that in view of his client's failure to appear after having been subpoenaed, defendants expected to file their motion to dismiss plaintiff's case with prejudice regardless of plaintiff's willingness to bring to any future hearing the items called for in the subpoena duces tecum. The next day the defendants filed their motion to strike plaintiff's petition and dismiss his action with prejudice, and attached thereto a copy of the subpoena duces tecum and a transcript of the proceedings held before the notary the previous day. Thereafter counsel for all the parties appeared before the trial court and in connection with the merits of defendants' motion to dismiss plaintiff's petition with prejudice, the same incidents were discussed at length. During this discussion it developed that the plaintiff's counsel, by telephone, after the date on which he had refused to produce the plaintiff, advised defendant's counsel that he had made additional research of the law and was now willing to produce the plaintiff upon a day that would meet with the convenience of counsel for the defendants. Some eight days later, the trial court entered its order dismissing the plaintiff's petition with prejudice at plaintiff's cost. This order was entered in each of the cases.

A reference to the opinion, Venker v. Hyler, Mo.Sup., 352 S.W.2d 590, will completely state the pleadings, procedures and all the matters that were therein presented and ruled. The defendants in the instant case have filed as exhibits the transcript and copies of the briefs filed by the respective parties in the earlier action. A comparison with the transcript and briefs filed in the instant action discloses that the issues, pleadings, procedures and all matters in that case are identical with those now involved in this case. The points appellant urges are even worded identically, punctuated in the same manner, and the cases cited in support of each of the points are the same in both cases. The only difference between the instant case and that before the Supreme Court is that in the instant case the plaintiff failed to call his "Motion For Protective Order" to a hearing prior to his refusal to appear and testify in the deposition. In the earlier action there was a hearing held on this motion and the trial court ruled upon it. The defendants contend that the failure by the plaintiff to have this motion disposed of prior to the hearing on the trial court's action in dismissing the case shows that the plaintiff did not act in good faith, and therefore the dismissal should be affirmed as entered, that is, with prejudice, instead of being affirmed with modification by ordering the dismissal to be entered without prejudice, as the Supreme Court ordered in Venker v. Hyler, supra. We cannot agree. Since the Supreme Court held in Venker v. Hyler, supra, at l. c. 596 that this motion was " * * * so lacking in merit as to warrant no serious consideration", this factual difference between the cases cannot make necessary any distinction nor compel any difference in the result reached.

The opinion and judgment in Venker v. Hyler, supra, completely disposes of the

issues in this case. That decision is binding upon this court. Accordingly, the judgment of the trial court dismissing plaintiff's action with prejudice and at the cost of plaintiff is ordered modified to the extent that plaintiff's action shall stand dismissed at the cost of plaintiff but without prejudice to the right of plaintiff in good faith and upon probable cause to file the same anew within the period of limitations fixed by statute for the filing of action for libel. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The judgment of the trial court dismissing plaintiff's action with prejudice and at plaintiff's costs is therefore ordered modified to the extent that plaintiff's action shall stand dismissed at plaintiff's costs but without prejudice.

ANDERSON, P. J., WOLFE, J., and KIMBERLIN, Special Judge, concur.